## TOBIN VS. HOUSTON & TEXAS CENTRAL RAILROAD.

### SUPREME COURT, APRIL 11, 1882.

"Injury to Person—Limitation—Construction of Statute."—The statute of limitations requiring all actions for injuries done to the person of another, to be commenced within one year after the cause of action occurred, held to apply to every form of physical injury. The enumeration of particular classes of injuries named in the statute, as assault and battery, wounding or imprisonment, was not intended to limit the operations hereof, but only to give examples of classes of injuries which would be embraced in the language, "injuries done to the person of another."

Error from Grayson county.

Woods, Williams & Cunningham, for plaintiff in error.

R. D. DeArmand, for defendant in error.

This suit was brought by the plaintiff in error December 4, 1874, to recover damages for an injury to his person, alleged to have been received by him on the seventh day of December, 1877, through the defective construction of the company's road and the careless management of the cars of the defendant in error.

The statute of limitations of one year was instituted as a defense, by demurrer, and upon hearing the same was sustained and the cause dismissed. It is claimed that at the time the injury was received there was no statute of limitations in force in this State, applicable to the cause of action set out in the petition, and that the court erred in sustaining the demurrer. The statute in force prior to the adoption of the Revised Statutes provides that, "All actions for injuries done to the person of another, as assault, battery, wounding or imprisonment * * * shall be commenced and sued within one year next after cause of such action or suit and not after." We see no reason for holding that the statute above referred to was not applicable to every form of physical injury to the person, and the enumeration of particular classes of injuries named in the statute was not intended to limit the operation thereof, but only to give examples of classes of injuries which would be embraced in the language, "injuries done to the person of another;" but if this were not so it would not help the cause of plaintiff in error, for he complained of a "wounding" of his person, which is one of the examples given in the statute. There being no error in the judgment of the court below, the same is affirmed.

---

### COMPTROLLER'S DEPARTMENT.
#### Abstract of Rulings.
##### ASSESSMENTS.

1. All lands lying in the organized counties of this State are required to be rendered for taxation to the assessor of